816 F.2d 683
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Stephen J. COGHLAN, Defendant-Appellant.
 No. 86-3663.
 United States Court of Appeals, Sixth Circuit.
 April 3, 1987.
 
 Before KEITH and JONES, Circuit Judges, and BROWN, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Defendant-appellant Stephen Coghlan appeals the decision by the district court denying a motion to dismiss an information alleging that appellant violated the continuing criminal enterprise statute. 21 U.S.C. Sec.848. Appellant was alleged to have committed five predicate offenses under Sec.848. All of the offenses involved the importation of marijuana. The criminal enterprise charge was contained in an information to which the appellant pled guilty in December, 1985. Appellant contends on appeal that the information is barred by the double jeopardy clause because of an earlier September, 1985 indictment and conviction. That earlier indictment charged appellant with one of the five predicate offenses making up the continuing criminal enterprise information currently on appeal. For the reasons set below, we AFFIRM the district court's denial of appellant's motion.
 
 
 2
 The December, 1985 information alleged that appellant committed five distinct predicate acts as part of a continuing criminal enterprise. The dates and locations of the acts are as follows:
 
 
 3
 1. January, 1982 in the Southern District of Florida.
 
 
 4
 2. August, 1982 in the Northern District of Ohio.
 
 
 5
 3. June, 1983 in the Northern District of Ohio.
 
 
 6
 4. May, 1984 in the Northern District of Ohio.
 
 
 7
 5. July, 1985 in the Eastern District of North Carolina.
 
 
 8
 The July 1985 predicate act was the basis of appellant's earlier conviction. The conviction, in appellant's view, bars the December prosecution on double jeopardy grounds. We disagree. The information, even if read without the predicate act in question, in nevertheless sufficient to prosecute a continuing criminal enterprise charge. 21 U.S.C. Sec.848 is clear in that a person is chargeable with a continuing criminal enterprise offense if the pertinent narcotics violation is "Part of a continuing series of violations." 21 U.S.C. Sec.848(b)(2). A "continuing series of violations" exists when more than three violations have occurred. United States v. Ordonez, 737 F.2d 793, 806 (9th Cir. 1984); United States v. Brantley, 733 F.2d 1429, 1436 (11th Cir. 1984); United States v. Phillips, 664 F.2d 971, 1013 (5th Cir. 1981) cert. denied 457 U.S. 1136, 102 S.Ct. 2965.
 
 
 9
 In the instant case, even if we found the fifth predicate act to be barred by double jeopardy, more than three distinct predicate acts remain to form a continuing criminal charge.[1]
 
 
 10
 Accordingly, we decline to find the December information insufficient and AFFIRM the decision of the Honorable John W. Potter denying appellant's motion.
 
 
 
 [1]
 Since we decide the appellant's case on this ground, it is unnecessary for us to reach the merits of appellant's constitutional claim